14754

BOUKNIGHT v. HEADDEN

(199 S. E., 315)

*Mr. W. M. Graydon,* for appellant,

*Messrs. Paul A. Cooper* and *J. Q. Marshall,* for respondent,

October 25, 1938.

*Per curiam.*

This is an action in claim and delivery. It appears from the agreed statement of facts that the defendant, who was engaged in business as a contract carrier of petroleum and its by-products, was the owner of a large tank-trailer; and that this trailer being partially destroyed by fire, was carried by the owner and delivered to the plaintiff, "a blacksmith and auto repairman," for the purpose of having same repaired or rebuilt as agreed upon. "The defendant was to furnish the materials to plaintiff and was to pay plaintiff for his skill and labor in doing the work. Certain materials were furnished by both defendant and plaintiff and over a period of several months defendant made two payments of twenty-five dollars each to plaintiff. When the job was practically completed the defendant requested plaintiff to complete the work at once, to deliver the tank-trailer to him and to extend credit to him for the balance of plaintiff's charges. This proposal was rejected by plaintiff who thereupon told defendant that he would complete the job immediately but that he would not deliver the tank-trailer at that time unless he was paid in full for his labor and materials to date and that he

would not deliver it when completed unless he was so paid. This conversation took place on Saturday, November 27, 1937, at which time it is admitted that the defendant demanded possession of the tank-trailer, and the next morning, Sunday, about three o'clock, the defendant went to the place of business of plaintiff and took the tank-trailer away from the lot of plaintiff without his knowledge or consent." Bouknight then brought this action against Headden for the possession of the property or for its value as alleged.

"The plaintiff testified that the work was to be paid for as it progressed; the defendant denied this and testified that he was to pay when the work was finished; that he would only have paid for it when it had been fully completed and tested and that it could not be properly tested until it was completed." At the proper stage of the trial, defendant's attorney moved for a nonsuit "in so far as the complaint asked for the possession of the property, upon the ground that any lien the plaintiff may have had had been destroyed by the taking of the property from his custody and possession." The motion was refused, and the jury found for the plaintiff as prayed for in the complaint. From judgment entered on the verdict, this appeal was taken.

The appellant's one exception, which restates the ground of his motion, is as follows: "The trial Judge erred in refusing to grant a nonsuit in so far as the complaint demanded possession of the tank-trailer for the reason that any lien or right to possession was destroyed as a matter of law when the property was taken from the custody and possession of the plaintiff."

Under the admitted facts and applicable law, we find no error as complained of. Section 7219 of the Code of 1932 reads in part: "It shall be lawful for any garage man or storage proprietor, owner and operator of any storage place or any garage or repair shops of whatever kind or repairmen who shall make repairs upon any article under contract for the same or furnish any material for such repairs, in this State, when property may be left at his shop for repairs

or storage, to sell the same at public outcry to the highest bidder after the expiration of sixty days from written notice to the owner of the property, that said repairs have been completed, or storage charges are due, and the same shall be sold by any magistrate of the county in which the work was done." See *Nesbitt Auto Co. v. Whitlock,* 113 S. C., 519, 101 S. E., 822, where reference is made to this statute. The "old lien" there referred to by the Court is the lien which existed under the common law in favor of an artisan upon property on which he has furnished labor and materials. "Under the common-law rule recognizing a specific lien upon property in the hands of a tradesman or artisan for the price of work done upon it, a repairman is regarded as having a lien at common law for the value of labor and materials used in the repair of a motor vehicle." 42 C. J., 818.

But the appellant urges, and this is the one question, as already indicated, presented by the appeal, that any lien or right to possession was destroyed when the property was taken from the custody and possession of the plaintiff. Whether this contention is correct or not, however, depends upon how Headden recovered possession of the trailer. In 6 C. J., 1136, we find the following: "It is a general rule that if a bailee voluntarily parts with the possession of goods before receiving compensation his common-law lien upon them is lost. This rule applies only where, by loss of possession, the bailee also parts with his special property in the chattel; for if the chattel is wrongfully recovered by the bailor, or removed from the possession of the bailee without his consent, or returned to the bailor in a new character, as a special bailee or agent, or delivered to a third person as such, the lien survives, not only against the bailor, but against third persons. The delivery of a portion only of the goods does not defeat a lien upon the remainder for the entire amount due under the contract."

It is clear, as shown by the admitted facts, that the respondent Bouknight was in lawful possession of the tank-

trailer here in question, and that a lien upon such trailer existed in his favor to the amount of the value of the labor and materials furnished by him in the repair of such vehicle. It is also unquestionably true that the appellant got possession of the trailer without the knowledge or consent of the respondent. In fact, he wrongfully and unlawfully took it away in the dead hours of the night from where Bouknight kept it at his place of business. Under applicable principles of law, as is seen, the plaintiff could not be thus deprived of his right to possession of the trailer, but was entitled to have such property restored to his possession for the purpose of enforcing his surviving lien thereon, should he be so advised. The trial Judge was right in refusing to grant defendant's motion for a nonsuit.

The judgment of the Court below is affirmed.

MR. CHIEF JUSTICE STABLER and MESSRS. JUSTICES BONHAM, BAKER and FISHBURNE concur.

MR. JUSTICE CARTER did not participate on account of illness.