20829

WELCOME HOME CENTER, INC., Respondent, v. CENTRAL CHEVROLET CO., INC., Appellant.

(249 S. E. (2d) 896)

*J. Wesley Drawdy,* Columbia, *for appellant.*

*Thomas H. Curlee, Jr., Lourie, Draine, Curlee & Swerling,* Columbia, *for respondent.*

December 5, 1978.

NESS, Justice:

The issue in this case is whether a repairman's lien survives a voluntary relinquishment of possession to the owner. The trial court concluded it did not survive and granted summary judgment in favor of the respondent, Welcome Home Center, Inc. We affirm.

The respondent took its vehicle to the appellant Central Chevrolet's garage for service. After the services were performed, respondent tendered payment; however, the garage operator demanded additional payment for work which had been previously performed on the same vehicle. When respondent refused to make the additional payment, appellant refused to relinquish possession of the vehicle.

The trial court correctly awarded summary judgment to the respondent. By statute and under the common law, the vitality of a repairman's lien is conditioned on his continuous possession of the article. Code § 29-15-10 (1976 Supp.) provides:

"It shall be lawful for any . . . owner . . . of any . . . garage . . . who shall make repairs upon any article . . . after the completion of such repairs or the expiration of the storage contract, the article having been *continuously retained*

*in his possession,* to have such property sold at public outcry . . ." (Emphasis supplied).

Similarly, the Fourth Circuit Court of Appeals in *Clark Bros. & Co., Inc. v. Pou,* 20 F. (2d) 74 at 76 stated:

"The lien given the artisan or worker upon property upon which he worked, for the amount due him for the work done, is clearly established in common law, but possession of the property is essential to the lien. Surrender of possession and the giving of credit to the owner of the property destroyed the lien."

See also *Bouknight v. Headden,* 188 S. C. 300, 199 S. E. 315 (1938); 8 C.J.S. Bailments § 35d; 61A C.J.S. Motor Vehicles § 747(1).

As appellant's prior lien expired when it relinquished possession of the vehicle, respondent was entitled to judgment as a matter of law.

Affirmed.

LEWIS, C. J., and LITTLEJOHN, RHODES and GREGORY, JJ., concur.