2191

MELLON BANK, N.A., Trustee, Respondent v. Francis E. CARROLL and Barbara A. Carroll, Appellants.

(445 S.E. (2d) 466)

Court of Appeals

*James R. Allen* and *Richard C. Thomas,* both of *Barnes, Alford, Stork & Johnson,* Columbia, *for appellants.*

*D. Christian Goodall, Theodore von Keller,* and *Robert G. Currin, Jr.,* all of *Adams, Quackenbush, Herring & Stuart,* Columbia, *for respondent.*

Heard May 11, 1994.

Decided June 6, 1994; Reh. Den. July 12, 1994.

GOOLSBY, Judge:

This is a foreclosure action brought by Mellon Bank, N.A., Trustee, against Francis E. Carroll and Barbara A. Carroll on a mortgage originally given by the Carrolls to Resort Investment Corporation as security for a note. The Carrolls counterclaimed, alleging, among other things, a violation by Resort Investment of the Truth in Lending Act, 15 U.S.C. §§ 1601-1693r. The master ordered foreclosure and denied the counterclaim. The dispositive issue concerns whether the counterclaim raises the question of whether the disclosures made by Resort Investment to the Carrolls contained inaccurate information in violation of the Truth in Lending Act. We hold, as did the master, the Carrolls' counterclaim alleges only a failure by Resort Investment in violation of the Truth in Lending Act to provide the Carrolls with disclosures at the time of the loan. We affirm.[1]

The Carrolls' counterclaim alleges in pertinent part:

> 62. As a consumer loan subject to Truth in Lending, certain disclosures should have been given to [the Carrolls] at or prior to consummation of the loan.

---

[1]The matter was referred to the master with finality and direct appeal to the South Carolina Supreme Court.

63. Said *disclosures were not given.*

64. The *failure to make those disclosures* in violation of the Truth in Lending Act entitles [the Carrolls], as [consumers] entitled to those disclosures, to bring a civil action under . . . the Truth in Lending Act.

(Emphasis added.)

The record supports the master's finding that Resort Investment, contrary to the allegations made by the Carrolls in their counterclaim, provided the Carrolls with disclosures when it made the loan in question. Indeed, the Carrolls gave a written acknowledgement that they received a copy of the disclosure statement.

The Carrolls, however, argued below that the issue their counterclaim raises is not whether Resort Investment made disclosures but whether the disclosures made were erroneous.

Even given a liberal construction, the counterclaim clearly and unambiguously alleges only a failure to give or make disclosures. It does not allege the giving or making of an erroneous disclosure.

The Carrolls' ability to recover under the Truth in Lending Act, then, was restricted to the theory alleged in their counterclaim, to wit, the failure of Resort Investment to make disclosures to the Carrolls. *See Davis v. Monteith,* 289 S.C. 176, 345 S.E. (2d) 724 (1986) (a court cannot under the guise of liberal construction of the pleadings write into a complaint allegations that were not presented); *Blackburn and Co. v. Dudley,* 289 S.C. 415, 338 S.E. (2d) 151 (1985) (a plaintiff who has pled one theory should not be allowed to recover on another); *Postal v. Mann,* 308 S.C. 385, 418 S.E. (2d) 322 (Ct. App. 1992) (allegations in a pleading are conclusive against the pleader).

We do not reach the other issues raised by the Carrolls, including the issue of whether the Truth in Lending Act applied to the transaction here involved.

Affirmed.

BRUCE LITTLEJOHN, Acting Judge, concurs.

CONNOR, J., concurs in a separate opinion.