559 S.E.2d 362

**CHARLESTON COUNTY SCHOOL DISTRICT, Respondent,**

v.

**LAIDLAW TRANSIT, INC. and South Carolina Department of Education,**

**Of Whom Laidlaw Transit, Inc. is the, Appellant.**

**No. 3429.**

Court of Appeals of South Carolina.

Heard Sept. 4, 2001.

Decided Dec. 31, 2001.

Rehearing Denied Feb. 22, 2002.

John A. Massalon, of Wills & Massalon, of Charleston; Jay Williams and Heidi Dalenberg, both of Schiff, Hardin & Waite, of Chicago, IL, for appellant.

Arnold S. Goodstein, Alice F. Paylor, Donald B. Clark and Kevin R. Eberle, all of Rosen, Goodstein & Hagood, of Charleston, for respondent.

HOWARD, J.

In this declaratory judgment action, Laidlaw Transit, Inc. appeals from a circuit court order dismissing its equitable counterclaims pursuant to Rule 12(b)(6), SCRCP. We affirm.

## FACTS/PROCEDURAL HISTORY

On January 17, 1997, the Charleston County School District ("the School District") entered into a written contract with Laidlaw and the South Carolina Department of Education ("the Department of Education"), whereby Laidlaw agreed to provide school bus transportation for the School District. Under the terms of the contract, Laidlaw was to use the Department of Education's school buses, and assumed the responsibility to transport students from January 21, 1997 until June 2000. The contract was based upon a traditional 180 day schedule for each school within the School District, and contained the following clauses in anticipation of changing demands or requirements for transportation during the term of the contract:

> Paragraph 4. *Method of Payment.* In return for the services to be provided herein, [the School District] agrees to compensate LAIDLAW in the amount of 4,631,000 dollars annually (PRO–RATED FOR 96–97 REMAINING YEAR) said sum is to be paid directly by check or indirectly in the form of credits, as more fully set forth on Addendum I, attached hereto and incorporated herein.

Addendum I provides a four percent rate increase each year and further states "[a]s programs/schools are added or removed and as enrollment changes the cost of transportation will increase or decrease on a prorata [sic.] bus basis based on the existing contract."

Finally, Paragraph 9 contains the following provisions:

a. In the event of reduced funding, the level of service provided to [the School District] by LAIDLAW may be reduced in pro-rata fashion, the specific services to be reduced to be negotiated between [the School District] and LAIDLAW, and approved by [the Department of Education], commensurate with the reduced funding level.

b. If the costs of operating the system exceed the agreed amount currently projected to be appropriated for [the School District] by the General Assembly, as contemplated hereunder, LAIDLAW shall be responsible for notifying [the School District] of any such excess costs and identifying the specific reasons therefor. [The School District] shall be responsible for such excess costs only upon receipt of the notice as provided herein *and* upon specific acceptance of responsibility therefor. Under no circumstances will LAIDLAW obligate [the School District] or hold [the School District] responsible for any costs/expenses which are not specifically addressed and identified herein or contemplated under this Agreement, unless [the School District] specifically agrees to such. (underlining in original)

The School District brought this declaratory judgment action when it discovered alleged overpayments to Laidlaw for bus services during the 1997–1998 and 1998–1999 school years. The School District also anticipated an overcharge would be forthcoming from Laidlaw for the ensuing year.

In its answer, Laidlaw admitted the written contract, but denied receiving any overpayment. Laidlaw asserted that the services it provided had increased because (1) it had to provide the buses used for transportation; (2) routes were extended or originally understated in length, and (3) additional routes and students were added by the School District to accommodate magnet schools, additional riders, and other activities. Laidlaw also asserted counterclaims for set-off and/or payment for the extra services rendered under equitable causes of action,

namely, quantum meruit, contract implied in law, and promissory estoppel.

The School District moved to dismiss the equitable counterclaims pursuant to Rule 12(b)(6), SCRCP, on the grounds that the contract was admitted, and its terms specifically governed any expansion of services or costs, precluding recovery in equity under theories of quantum meruit, implied contract or promissory estoppel. The circuit court agreed, dismissing Laidlaw's counterclaims. Laidlaw appeals.

## STANDARD OF REVIEW

A motion to dismiss a counterclaim must be based solely on the allegations set forth in the counterclaim. *See* Rule 12(b)(6), SCRCP; *Baird v. Charleston County*, 333 S.C. 519, 527, 511 S.E.2d 69, 73 (1999). "A Rule 12(b)(6) motion may not be sustained if facts alleged and inferences reasonably deducible therefrom would entitle the [complainant] to any relief on any theory of the case." *Stiles v. Onorato*, 318 S.C. 297, 300, 457 S.E.2d 601, 602–3 (1995). The question is whether in the light most favorable to the complainant, and with every doubt resolved on his behalf, the counterclaim states any valid claim for relief. *Toussaint v. Ham*, 292 S.C. 415, 416, 357 S.E.2d 8, 9 (1987). The counterclaim should not be dismissed merely because the trial court doubts the complainant will prevail in the action. *Id.*

## DISCUSSION

Laidlaw contends it was entitled pursuant to Rule 8(e)(2), SCRCP,[1] to plead its equitable counterclaims as alternative causes of action.

Initially, we note the circuit court did not require Laidlaw to elect between its causes of actions. Instead, the circuit court dismissed Laidlaw's equitable counterclaims because there was a specific contract between the parties and they were

---

1. "A party may set forth two or more statements of a cause of action or defense alternatively or hypothetically ... regardless of consistency and whether based on legal or on equitable grounds or on both." Rule 8(e)(2), SCRCP

limited to that contract. Consequently, the court concluded the equitable issues were not available to Laidlaw.

 "It is well settled that parties are judicially bound by their pleadings unless withdrawn, altered or stricken by amendment or otherwise." *Postal v. Mann,* 308 S.C. 385, 387, 418 S.E.2d 322, 323 (Ct.App.1992). Any allegations, statements, or admissions contained in a pleading are conclusive against the pleader, and a party cannot subsequently take a contrary or inconsistent position. *Id.; see Mellon Bank, N.A. v. Carroll,* 314 S.C. 468, 445 S.E.2d 466 (Ct.App.1994).

Here, both the Complaint and the Answer and Counterclaim allege the existence of the same written contract. By its plain terms, the admitted contract controls the services to be performed and the compensation to be paid. Paragraph 9 of the contract explicitly governs the expansion of services and Laidlaw's entitlement to payment for associated costs and expenses. Therefore, Laidlaw's entitlement to payment of consideration is determined by its performance under the terms of the contract. By admitting the contract and its terms, including paragraph 9, the parties have defined their relationship, and their rights and obligations are governed solely by the contract terms.[2]

Laidlaw contends that its allegation in the Answer and Counterclaim that the additional work was performed outside of the contract must be accepted as true in a Rule 12(b)(6) motion, thereby creating a factual issue as to whether the written contract governs the controversy. We find this argument to be without merit. Laidlaw's allegations clearly describe an extension of the same services as those required under the original contract. The characterization of the activity as "outside the contract" is not an allegation of fact, but is an unsupported conclusion which is contrary to the admitted facts. Therefore, the trial judge properly disregarded it. *See Gaskins v. S. Farm Bureau Cas. Ins. Co.,* 343 S.C. 666, 671, 541 S.E.2d 269, 271 (Ct.App.2000) (finding Rule 12(b)(6), SCRCP, replaces the Code Pleading rules regarding demur-

---

**2.** Laidlaw also argues the trial court dismissed the counterclaims on the erroneous belief that equitable claims were precluded against a public entity. We find this argument to be without merit. The trial court's ruling was clearly not based on this premise.

rers and "retains the Code Pleading standard ... rather than the more lenient notice pleading standard found in the federal rules.") (citation omitted); *Charleston County Sch. Dist. v. S.C. State Ports Auth.*, 283 S.C. 48, 50, 320 S.E.2d 727, 729 (Ct.App.1984) ("A demurrer admits the facts well pleaded in the complaint but does not admit the inferences drawn by the plaintiff from the facts, nor does it admit conclusions of law."); *Sease v. City of Spartanburg*, 242 S.C. 520, 527, 131 S.E.2d 683, 687 (1963) (finding allegations in the complaint which merely characterize the facts are mere conclusions which are not admitted by a demurrer).

## CONCLUSION

For the foregoing reasons, the order of the circuit court is **AFFIRMED.**

HEARN, C.J., and CURETON, J., concur.