705 S.E.2d 73

**CONSIGNMENT SALES, LLC, Respondent,**

v.

**TUCKER OIL COMPANY, Appellant.**

**No. 4773.**

Court of Appeals of South Carolina.

Heard Sept. 14, 2010.

Decided Dec. 22, 2010.

Rehearing Dismissed June 2, 2011.

Wesley D. Few, of Columbia, for Appellant.

George R. McElveen, III, of Columbia, for Respondent.

LOCKEMY, J.

In this breach of contract action, Tucker Oil Company (Tucker Oil) argues the trial court erred in finding the exis-

tence and breach of a contract with Consignment Sales, LLC. Tucker Oil also maintains the trial court erred in ordering an accounting and declaring it was obligated to continue paying Consignment Sales. We affirm.

## FACTS

Tucker Oil owns several convenience stores and supplies gasoline to numerous gas stations throughout South Carolina. Consignment Sales owns several gas stations and also services gasoline supply contracts. Pursuant to a gasoline supply contract, a gas station operator agrees to purchase gasoline exclusively from a supplier at an agreed upon price for a fixed period of time. These contracts are also assignable from supplier to supplier.

By contract dated June 27, 2005, Consignment Sales assigned twelve gasoline supply contracts to Tucker Oil for $20,000 and 50% of the "net profits" generated by each contract. Net profits were to be calculated pursuant to a formula set forth in an exhibit to be attached to the contract. No exhibit was ever attached.

The contract also required Consignment Sales to market Tucker Oil's products and give Tucker Oil the right of first refusal to any new gasoline supply contracts procured by Consignment Sales. The contract included a termination clause that stated:

> This agreement is terminable by either party upon 60 days written notice to the other, after which [Consignment Sales'] duty to market [Tucker Oil's] products and secure accounts for [Tucker Oil's] approval shall expire. All contracts subject to this agreement, however, shall remain subject to this agreement in spite of such termination for the life of said contracts.

In March 2006, Tucker Oil informed Consignment Sales it intended to terminate the parties' agreement because it "decided this is not the type of business that [it] want[ed] to deal with." Tucker Oil informed Consignment Sales it would continue paying on the accounts sold by Consignment Sales "based on the terms of [the] agreement." However, in July, Tucker Oil informed Consignment Sales it would stop paying on the existing supply contracts in December. Subsequently,

Tucker Oil stopped payment, and Consignment Sales initiated an action for breach of contract, accounting, and a declaratory judgment.

After a bench trial, the trial court found a valid and enforceable contract existed between the parties, and Tucker Oil breached its obligation to continue paying Consignment Sales for the life of the supply contracts. The trial court ordered an accounting because Tucker Oil was in exclusive control of the "information necessary to determine the amounts due" Consignment Sales. The trial court also declared Tucker Oil was obligated to pay Consignment Sales 50% of the net profits on the supply contracts "previously assigned or procured" by Consignment Sales for the life of the contracts. This appeal followed.

## ISSUES ON APPEAL

1. Did the trial court err in finding a valid and enforceable contract existed without finding an agreed upon definition of net profits?

2. Did the trial court err in finding Consignment Sales sufficiently established damages to recover for breach of contract?

3. Did the trial court err in ordering Tucker Oil to render an equitable accounting to establish Consignment Sales' damages?

4. Did the trial court err in ordering a declaratory judgment where Consignment Sales failed to establish rights that could be declared going forward?

## STANDARD OF REVIEW

"When legal and equitable actions are maintained in one suit, each retains its own identity as legal or equitable for purposes of the applicable standard of review on appeal." *Corley v. Ott*, 326 S.C. 89, 92 n. 1, 485 S.E.2d 97, 99 n. 1 (1997).

## LAW/ANALYSIS

### I. Issues 1 and 2: Existence and Breach of Contract

#### A. Standard of Review

"An action for breach of contract is an action at law." *Electro Lab of Aiken, Inc. v. Sharp Constr. Co. of Sumter,*

*Inc.,* 357 S.C. 363, 367, 593 S.E.2d 170, 172 (Ct.App.2004). "In an action at law, on appeal of a case tried without a jury, the appellate court's standard of review extends only to the correction of errors of law." *Id.* "The trial judge's findings of fact will not be disturbed upon appeal unless found to be without evidence which reasonably supports the judge's findings." *Id.*

## B. Existence of Contract

Tucker Oil argues the trial court erred in finding a valid and enforceable contract existed between the parties because there was no agreed upon definition of net profits. We disagree.

In general, a binding contract requires a manifestation of mutual assent to its terms. *Edens v. Laurel Hill, Inc.,* 271 S.C. 360, 364, 247 S.E.2d 434, 436 (1978). Terms such as price, time, and place are indispensable to a binding contract and must be set out with reasonable certainty. *Id.* Where a contract fails to fix a price, there must be a definite method for ascertaining it. *Id.* Here, the parties agreed on a price term: $20,000 and 50% of the "net profits" generated by each supply contract. Although the exhibit outlining the formula used to calculate net profits was never attached to the contract, Tucker Oil calculated net profit and paid Consignment Sales for eighteen months without objection. In fact, even in terminating the contract, Tucker Oil never expressed any difficulty in determining net profits. Tucker Oil's assertion that its contract with Consignment Sales is invalid because it lacked an agreed upon price term is inconsistent with its actions. Accordingly, we find the parties set forth the price term with reasonable certainty, and the trial court properly determined the contract was valid and enforceable.

## C. Breach of Contract

Tucker Oil argues the trial court erred in finding Consignment Sales sufficiently established damages for recovery under a breach of contract claim. We disagree.

In order to recover for breach of contract, a plaintiff must allege and prove (1) the existence of a contract, (2) breach of the contract, and (3) damages caused by the breach.

*Fuller v. E. Fire & Cas. Ins. Co.*, 240 S.C. 75, 89, 124 S.E.2d 602, 610 (1962). Tucker Oil misconstrues the trial court's order. The trial court never found Consignment Sales sufficiently established damages as Tucker Oil suggests. Rather, the trial court found a valid and enforceable contract existed, and Tucker Oil breached the contract by ceasing payment of 50% of the net profits from the existing supply contracts. The trial court never ruled Consignment Sales established damages. Instead, the trial court ordered an accounting because Tucker Oil was in "exclusive control of the information necessary to determine the amounts due" Consignment Sales. *See Rogers v. Salisbury Brick Corp.*, 299 S.C. 141, 144–45, 382 S.E.2d 915, 917–18 (1989) (finding appellant was entitled to an accounting where respondent was in control of information needed to calculate just compensation under the parties' lease agreement). In fact, the trial court's order specifically retained jurisdiction to render a final judgment in accordance with the accounting. Accordingly, Tucker Oil's argument that the trial court erred in finding Consignment Sales sufficiently established damages is without merit.

## II. Equitable Accounting

█ Tucker Oil maintains that because Consignment Sales sought a remedy for breach of contract, it was error for the trial court to order an equitable accounting. We disagree.

█ An action for an accounting is an action in equity. *Historic Charleston Holdings, LLC v. Mallon*, 381 S.C. 417, 427, 673 S.E.2d 448, 453 (2009). Accordingly, this court "may review the record and make findings in accordance with [our] own view of the preponderance of the evidence." *Id.*

We find Tucker Oil's argument that Consignment Sales' "sole remedy is at law under the alleged contract" because it relied upon the existence of a binding contract is without merit. An accounting implies the defendant is responsible to the plaintiff for money or property as the result of a contract or some other fiduciary relationship. 1A C.J.S. Accounting § 6 (2010). Additionally, Tucker Oil's reliance on *Charleston County Sch. Dist. v. Laidlaw Transit, Inc.*, is misplaced. 348 S.C. 420, 559 S.E.2d 362 (Ct.App.2001). The issue in *Laidlaw* was whether Laidlaw could assert equitable counterclaims for

quantum meruit, contract implied in law, and promissory estoppel for additional work it performed outside the parties' contract. *Id.* at 424, 559 S.E.2d at 364. This court affirmed the trial court's dismissal of the equitable counterclaims, noting the parties' agreement specifically covered the expansion of work. *Id.* at 425, 559 S.E.2d at 364. This court concluded Laidlaw's entitlement to payment was determined by its performance under the terms of the contract and held "[b]y admitting the contract and its terms … the parties have defined their relationship, and their rights and obligations are governed solely by the contract terms." *Id.* Here, there is no conflict between the equitable remedy of an accounting and any term of the parties' agreement. Accordingly, we conclude *Laidlaw* is distinguishable and lends Tucker Oil no support.

Furthermore, the trial court found Tucker Oil was in exclusive control of the information needed to determine the amount Consignment Sales is owed. Tucker Oil knows which of the supply contracts procured by Consignment Sales are still in existence. Tucker Oil knows the amount of gasoline it delivered pursuant to the contracts and gross proceeds of the contracts. Consignment Sales had no access to this information except through Tucker Oil and is reliant upon Tucker Oil to make the proper calculations and render payment. An accounting may be appropriate where, as here, there is a need for discovery. *Rogers*, 299 S.C. at 144, 382 S.E.2d at 917 ("Equitable jurisdiction for an accounting may also be invoked … when there is a need for discovery."). Thus, we find the trial court did not err in ordering an accounting.

### III. Declaratory Judgment

■ Tucker Oil argues the trial court erred in ordering a declaratory judgment because Consignment Sales failed to establish rights that could be declared going forward. Specifically, Tucker Oil maintains Consignment Sales failed to establish a positive legal duty owed by Tucker Oil because it failed to prove a method of calculating net profits. The gravamen of Tucker Oil's argument is that Consignment Sales lacks standing to maintain a declaratory judgment action. We disagree.

■ In order to determine the appropriate standard of review to apply in an appeal from a declaratory judgment

action, this court must look to the nature of the underlying action. *Barnacle Broad., Inc. v. Baker Broad., Inc.*, 343 S.C. 140, 146, 538 S.E.2d 672, 675 (Ct.App.2000). Here, Consignment Sales sought to have its right to payment under the existing supply contracts declared pursuant to its contract with Tucker Oil; accordingly, this is an action at law. *See id.* (applying the action at law standard of review to declaratory judgment action involving the interpretation of a contract). Because this is an action at law tried without a jury, our "standard of review extends only to the correction of errors of law." *Electro Lab*, 357 S.C. at 367, 593 S.E.2d at 172. "The trial judge's findings of fact will not be disturbed upon appeal unless found to be without evidence which reasonably supports the judge's findings." *Id.*

 To state a cause of action under South Carolina's Declaratory Judgment Act,[1] a party must demonstrate a justiciable controversy. *Graham v. State Farm Mut. Auto. Ins. Co.*, 319 S.C. 69, 71, 459 S.E.2d 844, 845 (1995). "A justiciable controversy exists when a concrete issue is present, there is a definite assertion of legal rights and a positive legal duty which is denied by the adverse party." *Id.* Thus, "[a]ny person interested under a ... written contract ... may have determined any question of construction or validity arising under the ... contract ... and obtain a declaration of rights, status or other legal relations thereunder." S.C.Code Ann. § 15–53–30 (2005).

Here, Consignment Sales is an interested party under its contract with Tucker Oil, and thus, has standing to maintain a declaratory judgment action. The trial court declared Tucker Oil had an obligation to pay Consignment Sales a portion of the net profits generated by the supply contracts assigned and procured by Consignment Sales for the term of the contracts. Any uncertainty in the method of calculating net profits does not affect Tucker Oil's continuing obligation to make such payment. Accordingly, the trial court properly declared the parties' rights pursuant to their agreement.

## CONCLUSION

For the foregoing reasons, we hold the trial court properly found (1) a valid and enforceable contract existed between the

---

1. S.C.Code Ann. § 15–53–10 to –140 (2005).

parties, (2) Tucker Oil breached its obligations to continue paying on the existing supply contracts pursuant to the parties' contract, (3) Consignment Sales' action for breach of contract did not preclude an equitable accounting, and (4) Consignment Sales had standing to maintain the declaratory judgment action. Accordingly, the decision of the trial court is

**AFFIRMED.**

SHORT and THOMAS, JJ., concur.