**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Howard Nankin and Nancy Nankin, Plaintiffs,

v.

Donald M. Danford d/b/a Don Danford Interiors, Defendant,

Donald M. Danford d/b/a Don Danford Interiors, Third Party Plaintiff,

v.

Jeff Stahl, Third Party Defendant,

Of whom Howard Nankin and Nancy Nankin are the Appellants,

and

Donald M. Danford d/b/a Don Danford Interiors is the Respondent.

Appellate Case No. 2014-000272

———————————

Appeal From Richland County
Edgar W. Dickson, Circuit Court Judge

———————————

Unpublished Opinion No. 2015-UP-399
Submitted July 1, 2015 – Filed August 12, 2015

---

**AFFIRMED**

---

Wesley Dickinson Peel and Caitlin Eslinger Creswick, both of Bruner Powell Wall & Mullins, LLC, of Columbia, for Appellants.

W. Duvall Spruill, of Turner Padget Graham & Laney, PA, of Columbia, for Respondent.

---

**PER CURIAM:**  Dr. Howard Nankin and Nancy Nankin (the Nankins) appeal the trial court's decision denying them recovery for violations of the South Carolina Unfair Trade Practices Act (SCUTPA), negligent misrepresentation, and fraud.  On appeal, the Nankins argue they presented evidence that (1) Donald Danford violated SCUTPA by performing the duties of a general contractor on their renovation project, as he had done with two previous clients; (2) all six elements of their negligent misrepresentation cause of action were satisfied; and (3) all nine elements of their fraud cause of action were satisfied.  We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities:

As to Issue 1: *Consignment Sales, LLC v. Tucker Oil Co.*, 391 S.C. 266, 271, 705 S.E.2d 73, 76 (Ct. App. 2010) ("In an action at law, on appeal of a case tried without a jury, the appellate court's standard of review extends only to the correction of errors of law." (internal quotation marks omitted)); *Minorplanet Sys. USA Ltd. v. Am. Aire, Inc.*, 368 S.C. 146, 149, 628 S.E.2d 43, 45 (2006) ("[T]he findings of the trial court must be affirmed if there is any evidence to support them."); *Wright v. Craft*, 372 S.C. 1, 23, 640 S.E.2d 486, 498 (Ct. App. 2006) ("To recover in an action under [SCUTPA], the plaintiff must show[] (1) the defendant engaged in an unfair or deceptive act in the conduct of trade or commerce; (2) the unfair or deceptive act affected public interest; and (3) the plaintiff suffered monetary or property loss as a result of the defendant's unfair or deceptive act(s).");

---

[1] We find Danford's argument regarding election of remedies is unsupported by the record.  *See* Rule 210(h), SCACR (stating an appellate court will not consider any fact that does not appear in the record on appeal).

*Noack Enter., Inc. v. Country Corner Interiors of Hilton Head Island, Inc.*, 290 S.C. 475, 479, 351 S.E.2d 347, 349-50 (Ct. App. 1986) ("An unfair or deceptive act or practice that affects only the parties to a trade or a commercial transaction is beyond [SCUTPA's] embrace . . . ."); *id.* at 479, 351 S.E.2d at 350 ("To be actionable under [SCUTPA], therefore, the unfair or deceptive act or practice in the conduct of trade or commerce must have an impact upon the public interest. [SCUTPA] is not available to redress a private wrong where the public interest is unaffected."); *Schnellmann v. Roettger*, 368 S.C. 17, 23, 627 S.E.2d 742, 746 (Ct. App. 2006) ("An impact on the public interest may be shown if the acts or practices have the potential for repetition."), *aff'd as modified*, 373 S.C. 379, 645 S.E.2d 239 (2007); *Crary v. Djebelli*, 329 S.C. 385, 388, 496 S.E.2d 21, 23 (1998) ("The potential for repetition may be shown in two ways: [(1)] by showing the same kind of actions occurred in the past, *thus making it likely they will continue to occur absent deterrence*, or [(2)] by showing the company's procedures create a potential for repetition of the unfair and deceptive acts." (emphasis added)); *Daisy Outdoor Adver. Co. v. Abbott*, 322 S.C. 489, 497, 473 S.E.2d 47, 51 (1996) ("Generally, plaintiffs will prove potential for repetition by the two means described above. We decline to hold, however, that those are the only means for showing potential for repetition/public impact. Rather, each case must be evaluated on its own merits. We expressly reject any rigid, bright line test that delineates in minute detail exactly what a plaintiff must show to satisfy the potential for repetition/public impact prong of the [SCUTPA] test.").

As to Issue 2: *AMA Mgmt. Corp. v. Strasburger*, 309 S.C. 213, 222, 420 S.E.2d 868, 874 (Ct. App. 1992) ("[T]he plaintiff must allege and prove the following essential elements to establish liability for negligent misrepresentation: (1) the defendant made a false representation to the plaintiff; (2) the defendant had a pecuniary interest in making the statement; (3) the defendant owed a duty of care to see that he communicated truthful information to the plaintiff; (4) the defendant breached that duty by failing to exercise due care; (5) the plaintiff justifiably relied on the representation; and (6) the plaintiff suffered a pecuniary loss as the proximate result of his reliance upon the representation.").

As to Issue 3: *Armstrong v. Collins*, 366 S.C. 204, 218, 621 S.E.2d 368, 375 (Ct. App. 2005) ("To sustain a claim of fraud, all of the following elements must be proven: (1) a representation; (2) its falsity; (3) its materiality; (4) either knowledge of its falsity or reckless disregard of its truth or falsity; (5) intent that the representation be acted upon; (6) the hearer's ignorance of its falsity; (7) the

hearer's reliance on its truth; (8) the hearer's right to rely thereon; and (9) the hearer's consequent and proximate injury." (internal quotation marks omitted)).

**AFFIRMED.**[2]

**SHORT, LOCKEMY, and MCDONALD, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.