**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

William B. Haskin, Jr., Appellant,

v.

Samuel W. Rhodes, Jr., Rhodes Investments, Inc., Rhodes Consulting, LLC and Tracey M. Bozzelli, Respondents.

Appellate Case No. 2016-001170

———————

Appeal From Charleston County
Roger M. Young, Sr., Circuit Court Judge

———————

Unpublished Opinion No. 2018-UP-346
Heard June 5, 2018 – Filed August 1, 2018

———————

**AFFIRMED**

———————

Richard S. Rosen and John Edward Rosen, both of Rosen Rosen & Hagood, LLC, of Charleston, for Appellant.

Frank M. Cisa, of The Law Firm of Cisa & Dodds, LLP, of Mount Pleasant, for Respondents.

———————

**PER CURIAM:** In this civil matter, William Haskin appeals the circuit court's order finding Haskin and Samuel Rhodes were not partners and Rhodes did not owe Haskin for losses Haskin sustained relative to three limited liability companies

(LLCs).  Haskin argues the circuit court erred in (1) disregarding a prenuptial agreement, tax returns, and an operating agreement when it found no oral agreement existed between Haskin and Rhodes to share in losses equally as partners; (2) finding Rhodes and Rhodes Investments, Inc. were not unjustly enriched; and (3) finding Haskin was not entitled to an accounting.  We affirm.

1.  As to Haskin's first issue, we find evidence exists to support the circuit court's finding that the parties did not enter into an oral agreement to share in the losses equally as partners.  *See R & G Constr., Inc. v. Lowcountry Reg'l Transp. Auth.*, 343 S.C. 424, 430, 540 S.E.2d 113, 117 (Ct. App. 2000) ("An action for breach of contract seeking money damages is an action at law."); *Epworth Children's Home v. Beasley*, 365 S.C. 157, 164, 616 S.E.2d 710, 714 (2005) ("When reviewing an action at law, on appeal of a case tried without a jury, the appellate court's jurisdiction is limited to correction of errors at law."); *Hiott v. Guaranty Nat. Ins.*, 329 S.C. 522, 529, 496 S.E.2d 417, 421 (Ct. App. 1997) (stating the appellate court must affirm the circuit court if there is *any evidence* to support the circuit court's findings).  In the instant case, Rhodes Investments—not Rhodes—was listed on the LLC tax returns as the LLC member, and Livingston testified nothing indicated Rhodes Investments signed any agreement to be liable for losses on any of the LLCs; Covington testified that Rhodes did not sign the construction loan nor was there an oral agreement concerning losses for Station 22 of Charleston, LLC; despite having sustained losses in years prior, Haskin made no demand on Rhodes to contribute to losses until November 2011; and the parties did not share in the losses equally.  We affirm the circuit court.

2.  As to Haskin's second issue, we find Haskin failed to establish Rhodes or Rhodes Investments were unjustly enriched.  *See Regions Bank v. Wingard Props., Inc.*, 394 S.C. 241, 256–57, 715 S.E.2d 348, 356 (Ct. App. 2011) ("Unjust enrichment is an equitable doctrine, which permits recovery of the amount that the [respondent] has been unjustly enriched at the expense of the [appellant]."); *Denman v. City of Columbia*, 387 S.C. 131, 140, 691 S.E.2d 465, 470 (2010) (stating that, in equitable actions, an appellate court reviews the evidence to determine facts in accordance with its own view of the preponderance of the evidence); *Columbia Wholesale Co., Inc. v. Scudder May N.V.*, 312 S.C. 259, 261, 440 S.E.2d 129, 130 (1994) (holding one seeking recovery for unjust enrichment must show: "(1) a benefit conferred upon the [respondent] by the [appellant]; (2) realization of that benefit by the [respondent]; and (3) retention by the [respondent] of the benefit under conditions that make it unjust for him to retain it without paying its value.").  We find no benefit conferred upon Rhodes or Rhodes Investments that would be unjust for them to retain.  All parties sustained losses:

Rhodes and Rhodes Investments lost their time and effort in constructing the residences and Haskin lost his financial investment in the projects. *See Pitts v. Jackson Nat'l Life Ins. Co.*, 352 S.C. 319, 339, 574 S.E.2d 502, 512 (Ct. App. 2002) (precluding recovery under a cause of action for unjust enrichment because the court found there was no benefit conferred upon the insurance company that would be unjust for the company to retain). We affirm the circuit court.

3. As to Haskin's third issue, we find issues one and two are dispositive and decline to address this issue. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (ruling an appellate court need not address remaining issues when its resolution of a prior issue is dispositive); *Consignment Sales, LLC v. Tucker Oil Co.*, 391 S.C. 266, 272, 705 S.E.2d 73, 77 (Ct. App. 2010) ("An accounting implies the [respondent] is responsible to the [appellant] for money or property as the result of a contract or some other fiduciary relationship.").

**AFFIRMED.**

**LOCKEMY, C.J., and WILLIAMS and KONDUROS, JJ., concur.**