**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Ken Howell and Karen Nicole Lamb, Respondents,

v.

Train Auto Sales, Inc., Appellant.

Appellate Case No. 2017-000092

Appeal From Spartanburg County
J. Mark Hayes, II, Circuit Court Judge

Unpublished Opinion No. 2019-UP-138
Submitted March 1, 2019 – Filed April 17, 2019

**REVERSED AND REMANDED**

J. Falkner Wilkes, of Greenville, for Appellant.

Andrew Ross Hart, of Alford & Hart, LLC, of
Spartanburg, for Respondents.

**PER CURIAM:** Train Auto Sales, Inc. (Train), appeals the dismissal of its counterclaim for a repairman's lien against Ken Howell and Karen Nicole Lamb (collectively, Owners) for repairs performed on their vehicle. Train argues the

circuit court erred by finding its lien was extinguished due to its failure to maintain continuous possession of the vehicle.  We reverse.[1]

"On appeal from the dismissal of a case pursuant to Rule 12(b)(6), [SCRCP,] an appellate court applies the same standard of review as the trial court."  *Freemantle v. Preston*, 398 S.C. 186, 192, 728 S.E.2d 40, 43 (2012) (quoting *Rydde v. Morris*, 381 S.C. 643, 646, 675 S.E.2d 431, 433 (2009)).  When "deciding a motion to dismiss pursuant to 12(b)(6), SCRCP, the [circuit] court [and reviewing court] should consider only the allegations set forth on the face of the [pleadings]."  *Plyler v. Burns*, 373 S.C. 637, 645, 647 S.E.2d 188, 192 (2007).  The court "may dismiss a claim when the [movant] demonstrates the [claimant's] 'failure to state facts sufficient to constitute a cause of action' in the pleadings."  *FOC Lawshe Ltd. v. Int'l Paper Co.*, 352 S.C. 408, 412, 574 S.E.2d 228, 230 (Ct. App. 2002) (quoting Rule 12(b)(6), SCRCP).  "A motion to dismiss a counterclaim must be based solely on the allegations set forth in the counterclaim."  *Charleston Cty. Sch. Dist. v. Laidlaw Transit, Inc.*, 348 S.C. 420, 424, 559 S.E.2d 362, 364 (Ct. App. 2001).  "The question is whether, in the light most favorable to the [claimant], and with every doubt resolved in his behalf, the [pleading] states any valid claim for relief."  *Plyler*, 373 S.C. at 645, 647 S.E.2d at 192.

A repairman's lien arises in an article when (1) the article was left at the repairman's shop for repairs and the repairs have been completed, (2) "the article *has been continuously retained in his possession*," and (3) thirty days have passed since written notice was given to the owner of the article that the repairs were completed.  S.C. Code Ann. § 29-15-10(A) (2007) (emphasis added); S.C. Code Ann. § 29-15-10(G) (Supp. 2018) ("For purposes of his section, 'article' means a motor vehicle . . . ."); *see also Welcome Home Ctr., Inc. v. Cent. Chevrolet Co.*, 272 S.C. 166, 167, 249 S.E.2d 896, 896 (1978) ("By statute and under the common law, the vitality of a repairman's lien is conditioned on his continuous possession of the article."); *id.* at 168, 249 S.E.2d at 896 ("Surrender of possession [or] the giving of credit to the owner of the property destroy[s] the lien." (quoting *Clark Bros. & Co. v. Pou*, 20 F.2d 74, 76 (4th Cir. 1927))); *id.* (holding when an owner took a vehicle to a garage for service and paid for the service after it was completed, but the garage refused to return the vehicle until the owner paid for work previously performed on the vehicle, the owner was entitled to judgment as a matter of law because the repairman's lien expired when the garage relinquished possession of the vehicle); *Bouknight v. Headden*, 188 S.C. 300, 303, 199 S.E. 315, 316 (1938) (opining that when a repairman voluntarily parts with possession of an

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

article before he receives compensation, his lien upon the article is lost); *id.* (finding this rule only applies when the repairman also parts with his special property in the article when he loses possession).

Owners moved to dismiss Train's counterclaim pursuant to Rule 12(b)(6), SCRCP, arguing Train's admission that it allowed Howell to test drive the van constituted an admission that it voluntarily relinquished possession of the van to Owners and thus failed to maintain continuous possession of the van. In its counterclaim, Train alleged the van was not running when Howell dropped it off for repairs, and it was able to get the van running. Train alleged Howell came to the shop to inquire about the status of the repairs to the van and Train informed him the van was operating but still needed additional repairs. Train stated it allowed Howell to "test drive" the van and he did not return it. Train alleged it maintained continuous possession of the van and did not intend to waive its lien when it allowed Howell to drive it. The circuit court dismissed the counterclaim, finding Train admitted it voluntarily relinquished possession of the van by admitting it allowed Howell to test drive it. Viewing the facts in the light most favorable to Train, with every doubt resolved in its behalf, we hold Train's admission that it allowed Howell to test drive the van was not an admission that it voluntarily relinquished possession because Train also alleged it maintained continuous possession and did not intend to waive its lien by allowing Howell to drive the van. *See Stiles v. Onorato*, 318 S.C. 297, 300, 457 S.E.2d 601, 602-03 (1995) ("A Rule 12(b)(6) motion may not be sustained if facts alleged and inferences reasonably deducible therefrom would entitle the [claimant] to any relief on any theory of the case."); *Bouknight*, 188 S.C. at 303, 199 S.E. at 316 (stating when a repairman *voluntarily parts with possession of an article* before he receives payment for the work performed, he loses his lien upon the article); *id.* (stating that if the repairman does not also part with his special property in the article when possession is lost, the lien survives).

**REVERSED AND REMANDED.**

**WILLIAMS, GEATHERS, and HILL, JJ., concur.**