**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Wilmington Savings Fund Society FSB as Trustee of Stanwich Mortgage Loan Trust C, Respondent,

v.

Nelson L. Bruce, Capital Return Investments, LLC, Charleston Area CDC, SC Housing Corp., South Carolina Housing Trust Fund, and Reminisce Homeowners Association, Inc., Defendants,

Of whom Nelson L. Bruce is the Appellant.

Appellate Case No. 2020-001130

———————

Appeal From Dorchester County
Diane Schafer Goodstein, Circuit Court Judge

———————

Unpublished Opinion No. 2024-UP-023
Submitted September 1, 2023 – Filed January 17, 2024

———————

**AFFIRMED**

———————

Nelson L. Bruce, of Summerville, pro se.

William S. Koehler, of Albertelli Law Firm, of Columbia, for Respondent.

———————

**PER CURIAM:**  In this foreclosure action, Nelson L. Bruce, pro se, appeals the circuit court's order granting Wilmington Savings Fund Society FSB as Trustee of Stanwich Mortgage Loan Trust C's (Wilmington's) motions to dismiss Bruce's counterclaims and for an order of reference.  On appeal, Bruce argues the circuit court erred by (1) dismissing Bruce's counterclaims for violation of the Fair Debt Collection Practices Act[1] (FDCPA) based on its finding Wilmington was not a debt collector within the meaning of the FDCPA; (2) dismissing Bruce's counterclaims without instructing Bruce on how his pleadings were deficient or how to repair them and without allowing him the opportunity to correct any deficiencies; (3) denying his constitutional right to a jury trial; (4) dismissing his motions based on his failure to pay the filing fees; (5) failing to consider his affidavits as facts before the court and prima facie evidence to support his claims; (6) failing to join all parties he requested to be joined under Rule 13(h), SCRCP, in violation of his due process rights; (7) limiting Bruce's counterclaims to only those stated in the caption and ignoring his other remaining counterclaims specified in paragraphs 35, 41, 42, and 49 of his pleadings; (8) failing to file physical proof of its jurisdiction; (9) violating Rules 5 and 25(c), SCRCP, by substituting Wilmington for the original plaintiff, Bank of America, without a hearing that would have given him an opportunity to object; and (10) dismissing his claims for constructive fraud, conspiracy, and violation of the Truth in Lending Act[2] (TILA).  We affirm pursuant to Rule 220(b), SCACR.

1. As to Issue One, we hold Bruce failed to plead sufficient facts to support a claim for violation of the FDCPA.  *See* 15 U.S.C. § 1692a(6) ("The term 'debt collector' means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.  Notwithstanding the exclusion provided by clause (F) of the last sentence of this paragraph, the term includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts."); 15 U.S.C. § 1692a(6)(F) ("The term does not include . . . any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity (i) is incidental to a bona fide fiduciary obligation or a bona fide escrow arrangement; (ii) concerns a debt which was originated by such person; (iii) concerns a debt which was not in default at the time it was obtained by such person; or (iv) concerns a debt obtained by such

---

[1] 15 U.S.C. §§ 1692-1692p.
[2] 15 U.S.C. §§ 1601-1667f.

person as a secured party in a commercial credit transaction involving the creditor."); *see also Henson v. Santander Consumer USA Inc.*, 582 U.S. 79, 83 (2017) ("[T]he [FDCPA] defines debt collectors to include those who regularly seek to collect debts 'owed . . . another.' And by its plain terms this language seems to focus our attention on third party collection agents working for a debt owner—not on a debt owner seeking to collect debts for itself. Neither does this language appear to suggest that we should care how a debt owner came to be a debt owner—whether the owner originated the debt or came by it only through a later purchase. All that matters is whether the target of the lawsuit regularly seeks to collect debts for its own account or does so for 'another.'" (third alteration in original)). As the court in *Henson* concluded, "[Y]ou have to attempt to collect debts owed *another* before you can ever qualify as a debt collector." 582 U.S. at 87. Here, Bruce did not allege that by initiating foreclosure proceedings, Bank of America was attempting to collect the debt of another. Rather, he alleged it was "asked to cease any and all communication attempts via telephone, and ignored that request on more than 20 occasions" and that it "failed to validate the debt." We find these allegations were insufficient to support a conclusion that Bank of America was a "debt collector" within the meaning of the FDCPA. *See Plyler v. Burns*, 373 S.C. 637, 645, 647 S.E.2d 188, 192 (2007) ("In deciding a motion to dismiss pursuant to 12(b)(6), SCRCP, the [circuit] court should consider only the allegations set forth on the face of the [pleading]."); *see also Charleston Cnty. Sch. Dist. v. Laidlaw Transit, Inc.*, 348 S.C. 420, 424, 559 S.E.2d 362, 364 (Ct. App. 2001) ("The question is whether in the light most favorable to the complainant, and with every doubt resolved on his behalf, the counterclaim states any valid claim for relief."). Accordingly, we affirm the circuit court's dismissal of this counterclaim.

2. As to Issue Two, we hold Bruce failed to preserve his argument the circuit court erred by failing to instruct him as to how to amend his pleadings or give him the opportunity to do so. *See Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) ("[A]n issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial judge to be preserved for appellate review."). Rule 15(a) of the South Carolina Rules of Civil Procedure required Bruce to seek the circuit court's permission to amend his pleadings because thirty days had already passed and Wilmington had already filed its response to Bruce's answer and counterclaims. *See* Rule 15(a), SCRCP ("A party may amend his pleading once as a matter of course at any time before or within 30 days after a responsive pleading is served or, if the pleading is one to which no responsive pleading is required and the action has not been placed upon the trial roster, he may so amend it at any time within 30 days after it is served. Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse

party; and leave shall be freely given when justice so requires and does not prejudice any other party.").  In his memorandum in opposition to Wilmington's motion to dismiss, Bruce stated, "Defendant hereby explicitly reserves and retains the right to amend his amended countersuit with leave of court and hereby exercises that right with the filing of this opposition as there is new evidence, new parties to be enjoined and issues in this matter that have come forth since the filing of his amended countersuit."  However, during the hearing on the motion to dismiss, Bruce did not request leave to amend his pleading; rather, he stated he sent Wilmington a "self-executing contract" and it "would be a breach of that contract for [Bruce] to continue and start making objections towards [the motion to dismiss]."  Although Bruce filed a 59(e), SCRCP, motion to reconsider, he did not request leave to amend his pleadings in that filing.  *See Skydive Myrtle Beach, Inc. v. Horry County*, 426 S.C. 175, 181, 826 S.E.2d 585, 588 (2019) ("Ordinarily, . . . the time for requesting leave to amend to correct a Rule 12(b)(6) pleading defect is after the trial court has determined the original pleading was deficient.").  Accordingly, we hold this argument is not preserved for appellate review.

Further, we reject Bruce's argument that the circuit court erred by failing to hold him to a less stringent standard than that required of a licensed attorney.  *See State v. Burton*, 356 S.C. 259, 265 n.5, 589 S.E.2d 6, 9 n.5 (2003) ("A pro se litigant who knowingly elects to represent himself assumes full responsibility for complying with substantive and procedural requirements of the law."); *see also McNeil v. United States*, 508 U.S. 106, 113 (1993) ("While we have insisted that the pleadings prepared by prisoners who do not have access to counsel be liberally construed, . . . *we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.*" (emphasis added) (footnotes omitted) (citations omitted)); *Folkes v. Nelsen*, 34 F.4th 258, 272 (4th Cir. 2022) (holding that even though pro se pleadings were held to a less stringent standard, this "d[id] not give a court license to look beyond the claim presented"), *cert. denied sub nom.*, *Folkes v. Williams*, 143 S. Ct. 736 (2023); *Bing v. Brivo Sys.*, LLC, 959 F.3d 605, 618 (4th Cir. 2020) ("[L]iberal construction does not mean overlooking the pleading requirements . . . .").

3. As to Issue Three, we hold the circuit court did not err by referring the case to the master-in-equity.  *See Verenes v. Alvanos*, 387 S.C. 11, 15-16, 690 S.E.2d 771, 773 (2010) ("Generally, the relevant question in determining the right to trial by jury is whether an action is legal or equitable; there is no right to trial by jury for equitable actions." (quoting *Lester v. Dawson*, 327 S.C. 263, 267, 491 S.E.2d 240,

242 (1997)); *Hayne Fed. Credit Union v. Bailey*, 327 S.C. 242, 248, 489 S.E.2d 472, 475 (1997) ("A mortgage foreclosure is an action in equity."). After the dismissal of Bruce's counterclaims, the only claim remaining in this case was for a mortgage foreclosure, which is an equitable action. Accordingly, the circuit court did not err in referring this case to the master. *See Verenes*, 387 S.C. at 16, 690 S.E.2d at 773 ("[T]here is no right to trial by jury for equitable actions." (quoting *Lester*, 327 S.C. at 267, 491 S.E.2d at 242)).

4. As to Issue Four, we affirm the circuit court's dismissal of Bruce's motions. We hold the circuit court did not err by refusing to consider his motions on the ground he refused to pay the filing fee. *See* S.C. Code Ann. § 8-21-320 (2019) (requiring a party filing any motion to pay a twenty-five dollar filing fee with each motion filed in the court of common pleas); *see also Martin v. State*, 321 S.C. 533, 535, 471 S.E.2d 134, 134-35 (1995) ("In the absence of a statutory provision allowing the general waiver of filing fees, we conclude motions to proceed in forma pauperis may only be granted where specifically authorized by statute or required by constitutional provisions."); Rule 3(b), SCRCP ("[A] plaintiff who desires to file an action in forma pauperis shall file in the court a motion for leave to proceed in forma pauperis, together with the complaint proposed to be filed and an affidavit showing the plaintiff's inability to pay the fee required to file the action. If the motion is granted, the plaintiff may proceed without further application and file the complaint in the court without payment of filing fees."). As to Bruce's argument he was entitled to proceed in forma pauperis, we hold this argument is not preserved for appellate review. *See State v. Dunbar*, 356 S.C. 138, 142, 587 S.E.2d 691, 693-94 (2003) ("[F]or an issue to be preserved for appellate review, it must have been raised to and ruled upon by the trial judge. Issues not raised and ruled upon in the trial court will not be considered on appeal."); *see also Johnson v. Sonoco Prod. Co.*, 381 S.C. 172, 177, 672 S.E.2d 567, 570 (2009) ("An issue may not be raised for the first time in a motion to reconsider."). During the hearing before the circuit court, Bruce challenged the court's authority to require a filing fee. He did not argue he was unable to pay the fee and stated he had not filed an affidavit of indigency. The circuit court dismissed the motions without prejudice, providing Bruce the opportunity to pay the fees and refile the motions. However, Bruce did not do so. Instead, he filed a motion to reconsider the circuit court's order dismissing his motions and counterclaims, with which he included a document titled, "Affidavit of Fact – Financial Statement." In this document, he stated he "d[id] not have, or possess, any gold or silver coins, as prescribed by United States Constitutional Law" and therefore "d[id] not have []or possess any lawful money . . . and request[ed] a fee waiver." He did not attach or reference the motions that the circuit court had dismissed. The circuit court summarily denied

the motion to reconsider by Form 4 Order.  Because Bruce failed to timely request leave to file his motions in forma pauperis, we hold this argument is unpreserved for appellate review.  Based on the foregoing, we hold the circuit court did not err by dismissing Bruce's motions on the ground he refused to pay the filing fee for each motion.

5. As to Issue Five, we hold the circuit court properly confined its considerations to the allegations set forth on the face of Bruce's pleadings in deciding the motion to dismiss his counterclaims.  *See Plyler*, 373 S.C. at 645, 647 S.E.2d at 192 ("In deciding a motion to dismiss pursuant to 12(b)(6), SCRCP, the [circuit] court should consider only the allegations set forth on the face of the [pleading]."); *see also Laidlaw Transit, Inc.*, 348 S.C. at 424, 559 S.E.2d at 364 ("The question is whether in the light most favorable to the complainant, and with every doubt resolved on his behalf, the counterclaim states any valid claim for relief.").

6. As to Issues Six and Seven, we hold Bruce failed to preserve these issues for appellate review because they were never raised to or ruled upon by the circuit court.  *See Wilder Corp.*, 330 S.C. at 76, 497 S.E.2d at 733 ("[A]n issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial judge to be preserved for appellate review.").

7. As to Issue Eight, we hold Bruce abandoned this issue because he failed to cite to any authority in support of his arguments on appeal.  *See State v. Howard*, 384 S.C. 212, 218, 682 S.E.2d 42, 45 (Ct. App. 2009) (holding the appellant abandoned an issue on appeal and declining to consider the appellant's argument where the appellant failed to cite any authority in support of the argument).

8. As to Issue Nine, we hold Bruce failed to preserve this issue for appellate review.  *See Wilder Corp.*, 330 S.C. at 76, 497 S.E.2d at 733 ("[A]n issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial judge to be preserved for appellate review.").  The motion for substitution contained a certificate of service indicating Bruce was served with a copy of the motion by mail.  Bruce raised no objection to the motion.  Further, he did not challenge the substitution during the hearing on the motion to dismiss.  Although he challenged the substitution in one of the motions for which he failed to pay the filing fee, this motion was dismissed without prejudice and Bruce never refiled the motion.  Because this issue was neither raised to nor ruled upon by the circuit court, we find it is not preserved for appellate review.

9. As to Issue Ten, we hold the circuit court did not err by dismissing Bruce's counterclaims. *See Plyler*, 373 S.C. at 645, 647 S.E.2d at 192 ("In deciding a motion to dismiss pursuant to 12(b)(6), SCRCP, the [circuit] court should consider only the allegations set forth on the face of the [pleading]."); *see also Laidlaw Transit, Inc.*, 348 S.C. at 424, 559 S.E.2d at 364 ("The question is whether in the light most favorable to the complainant, and with every doubt resolved on his behalf, the counterclaim states any valid claim for relief."). First, we hold the circuit court did not err by dismissing Bruce's claim for constructive fraud. *See Pitts v. Jackson Nat'l Life Ins. Co.*, 352 S.C. 319, 333, 574 S.E.2d 502, 509 (Ct. App. 2002) ("To establish constructive fraud, all elements of actual fraud except the element of intent must be established." (quoting *Ardis v. Cox*, 314 S.C. 512, 515, 431 S.E.2d 267, 269 (Ct. App. 1993)); *id.* at 334, 574 S.E.2d at 509 ("To prove [actual] fraud, the following elements must be shown: (1) a representation; (2) its falsity; (3) its materiality; (4) either knowledge of its falsity or a reckless disregard of its truth or falsity; (5) intent that the representation be acted upon; (6) the hearer's ignorance of its falsity; (7) the hearer's reliance on its truth; (8) the hearer's right to rely thereon; and (9) the hearer's consequent and proximate injury." (quoting *Ardis*, 314 S.C. at 515, 431 S.E.2d at 269); *see also Ardis*, 314 S.C. at 515, 431 S.E.2d at 269 ("A complaint is fatally defective if it fails to allege all nine elements of fraud."); *id.* ("Where the complaint omits allegations on any element of fraud, the trial court should grant the defendant's motion to dismiss the claim."). Here, Bruce's pleading contains no factual allegations concerning the elements of constructive fraud; it merely includes "constructive fraud" in the caption. Bruce failed to allege any facts pertaining to any representations Wilmington allegedly made or his reliance on the truth of any such representations to his detriment. Accordingly, we hold the circuit court did not err by dismissing this claim.

Next, we hold the circuit court did not err by dismissing Bruce's claim for civil conspiracy. *See Paradis v. Charleston Cnty. Sch. Dist.*, 433 S.C. 562, 574, 861 S.E.2d 774, 780 (2021) ("[A claimant] asserting a civil conspiracy claim must establish (1) the combination or agreement of two or more persons, (2) to commit an unlawful act or a lawful act by unlawful means, (3) together with the commission of an overt act in furtherance of the agreement, and (4) damages proximately resulting to the plaintiff."). Here, Bruce failed to plead facts to support this claim. Bruce alleged: "As listed above the opposing parties have come together in a joint venture to deprive consumer[s] such as myself of what is lawful due [and] right." However, the only opposing party in the case was the plaintiff. Therefore, Bruce failed to plead any facts alleging two or more persons combined

or agreed to injure him.  Accordingly, we hold the circuit court did not err by dismissing this claim.

Finally, as to Bruce's argument that the circuit court erred in dismissing his claims for violation of TILA, we hold Bruce has abandoned this issue on appeal.  *See Glasscock, Inc. v. U.S. Fid. & Guar. Co.*, 348 S.C. 76, 81, 557 S.E.2d 689, 691 (Ct. App. 2001) ("[S]hort, conclusory statements made without supporting authority are deemed abandoned on appeal and therefore not presented for review.").  Bruce has failed to cite any authority in support of his argument and does not direct this court to any facts contained in his pleading that were alleged in support of this claim.  Accordingly, we affirm the circuit court's dismissal of this claim.

For the foregoing reasons, the circuit court's order is

**AFFIRMED.**[3]

**MCDONALD and VINSON, JJ., and LOCKEMY, A.J., concur.**

---

[3] We decide this case without oral argument pursuant to Rule 215, SCACR.