## 1812

Peter W. POSTAL, Appellant v. Edward C. MANN, III, Respondent
v. Bud KINNIE, Third-Party Defendant.

(418 S.E. (2d) 322)

Court of Appeals

*Robert F. McMahan, Jr.,* of *Glenn, Irvin, Murphy, Gray & Stepp,* Columbia, *for appellant.*

*Louis H. Lang,* of *Callison, Tighe, Robinson & Anastasion,* Columbia, *for respondent.*

*Carlos W. Gibbons, Jr.,* of *Ashley & Gibbons,* Columbia, *for third-party defendant.*

Heard April 16, 1992.

Decided May 11, 1992.

SHAW, Judge:

Appellant, Peter W. Postal, instituted this action against respondent, Edward C. Mann, III, alleging breach of contract associated with the sale of real estate. From the final order of the master-in-equity, Postal appeals only the denial of recov-

ery on a lost note in the amount of $8,000. We reverse and remand.

The only issue before us is whether the master erred in finding there was insufficient evidence of the existence of the note in question. We find that he did.

The record before us reveals the following. Postal entered into a contract with Mann for the purchase of a certain real estate. Bud Kinnie, named as a third-party defendant by Mann, was the listing real estate agent.[1] In his complaint, Postal asserted several breaches of contract involved with the sale. He further sought recovery of an $8,000 note allegedly tendered by Mann to Kinnie which Kinnie subsequently assigned to Postal. At trial, Kinnie testified he received an $8,000 commission on the sale but, to facilitate Mann's cash flow, he lent the $8,000 commission to Mann, taking back a note. Both Kinnie and Postal testified he assigned the note to Postal. However, neither Postal nor Kinnie could produce the note at trial. Kinnie stated the last time he saw the note it was in a file he had left at Mann's office and, although he had looked, he was unable to find the note.

Kinnie grounded one of his trial objections to Mann's cross-examination questions on the admitted existence of the note in Mann's answer. Mann's attorney responded he had always assumed the note would reappear, but now felt it did not exist. He added, "If it becomes an issue, I'll ask to amend my answer." Postal continued to assert the existence of the note was admitted by Mann in the pleading and made a directed verdict motion on the $8,000 note based on the admission in Mann's answer. There is no indication Mann asked to amend his answer.[2]

Despite the testimony and the admission in the pleading, the master found there was "insufficient evidence to determine that Kinnie actually took a note back for his sales commission." The master, thus, made no findings on the terms of the note. Postal made a motion for an amendment of this find-

[1] Kinnie was subsequently granted a non-suit in a separate order. No appeal has been taken from that order.

[2] Mann apparently attempted to amend his answer by way of motion to alter or amend the master's judgment following the issuance of his order. Even if we were to consider his motion to amend his answer timely, the master denied the motion to alter or amend judgment an no appeal has been taken from that order.

ing based on the admission in Mann's answer. The master summarily denied the motion.

It is well settled that parties are judicially bound by their pleadings unless withdrawn, altered or stricken by amendment or otherwise. The allegations, statements, or admissions contained in a pleading are conclusive as against the pleader and a party cannot subsequently take a position contradictory of, or inconsistent with, his pleadings and the facts which are admitted by the pleadings are taken as true against the pleader for the purpose of the action. *Elrod v. All*, 243 S.C. 425, 134 S.E. (2d) 410 (1964).

In his complaint, Postal alleged in paragraph 19 that "As part of the closing on the property, Mann tendered a note to Kinnie in the amount of Eight Thousand ($8,000.00) Dollars . . ." Paragraph 15 of Mann's answer states "Paragraph 19 of the Complaint is admitted." Further, Mann asserted several defenses to the note in his answer, but never denied its existence. Having failed to amend his answer, Mann was bound by that admission. Accordingly, we hold the trial judge erred in finding the evidence insufficient as to the existence of the note and remand for consideration the terms of the note.

Reversed and remanded.

SANDERS, C.J., and GARDNER, J., concur.

