**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

## THE STATE OF SOUTH CAROLINA
### In The Court of Appeals

Cynthia Crowe, Respondent,

v.

Michael Earl Miller, I, and Michael Earl Miller, II, Defendants,

Of whom Michael Earl Miller, II, is the Appellant.

Appellate Case No. 2012-212029

Appeal From York County
S. Jackson Kimball, III, Special Circuit Court Judge

Unpublished Opinion No. 2013-UP-239
Heard May 7, 2013 – Filed June 5, 2013

**AFFIRMED**

Jonathan McKey Milling, of Milling Law Firm, LLC, of Columbia, for Appellant.

Chad Alan McGowan and Ashley White Creech, both of McGowan, Hood & Felder, LLC, of Rock Hill, for Respondent.

**PER CURIAM:**  In this personal injury action arising from a boating accident, Michael Earl Miller, II, appeals the dismissal of his counterclaim against Cynthia Crowe.  The trial court found that because Miller previously entered an *Alford*[1] plea to criminal charges arising from the same events that led to Crowe's civil action, he was collaterally estopped from asserting in his counterclaim that Crowe was driving the boat.[2]

We affirm pursuant to Rule 220(b)(1), SCACR, and following authorities: Rule 220(c), SCACR ("The appellate court may affirm any ruling, order, decision or judgment upon any ground(s) appearing in the Record on Appeal."); Rule 12(c), SCRCP ("If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the Court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56 . . . ."); *State v. Herndon*, Op. No. 27250 (S.C. Sup. Ct. filed May 8, 2013) (Shearouse Adv. Sh. No. 21 at 52, 63) (recognizing "the general consensus that an *Alford* plea is merely a guilty plea with the gloss of judicial grace allowing a defendant to enter a plea in her best interests"); *Zurcher v. Bilton*, 379 S.C. 132, 137, 666 S.E.2d 224, 227 (2008) (holding "the entry of an *Alford* plea at a criminal proceeding has the same preclusive effect as a standard guilty plea"); *Postal v. Mann*, 308 S.C. 385, 387, 418 S.E.2d 322, 323 (Ct. App. 1992) ("It is well settled that parties are judicially bound by their pleadings unless withdrawn, altered or stricken by amendment or otherwise.").  Furthermore, although Miller expressed concern about the propriety of considering matters outside the pleadings in deciding Crowe's motion to dismiss, he declined the trial court's offer to have the motion scheduled as one for summary judgment at a later date.  *Cf. Karl Sitte Plumbing Co. v. Darby Dev. Co. of Columbia*, 295 S.C. 70, 73, 367 S.E.2d 162, 164 (Ct. App. 1988) (holding that despite alleged irregularities in an order of reference, a party's participation in the reference proceedings without taking exception to either

---

[1] *North Carolina v. Alford*, 400 U.S. 25 (1970).

[2] Miller pled guilty under *Alford* to operating a water vehicle while under the influence of alcohol and causing severe bodily injury.  *See* S.C. Code Ann. § 50-21-113(A) (2008) ("A person who, while under the influence of alcohol . . . operates a moving water device, or is in actual control of a moving water device within this State and causes great bodily injury  . . . of a person other than himself, is guilty of a felony . . . .").

the reference or the master's authority waived any objection the party might have had to the action being referred).

**AFFIRMED.**

**SHORT, THOMAS, and PIEPER, JJ., concur.**