**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Carolina Comfort Specialists, LLC, Respondent,

v.

Linda McGee Weddle and Derick Loyal Weddle, Appellants.

Appellate Case No. 2016-002323

———————

Appeal From Berkeley County
Dale Edward Van Slambrook, Master-in-Equity

———————

Unpublished Opinion No. 2019-UP-191
Heard April 2, 2019 – Filed May 29, 2019

———————

**AFFIRMED**

———————

David Cochran Dick, Jr., of Law Office of David C. Dick, of Charleston, for Appellants.

Frank M. Cisa, of The Law Firm of Cisa & Dodds, LLP, of Mount Pleasant, for Respondent.

———————

**PER CURIAM:** This case arises from Carolina Comfort Specialists, LLC's (Carolina Comfort) efforts to foreclose a mechanic's lien. Linda and Derick Weddle (collectively, the Weddles) argue the master-in-equity erred in (1) refusing to dismiss the mechanic's lien claim for failing to comply with the statutory

requirements, (2) finding Linda Weddle (Wife) was a party to the underlying contract, (3) improperly relying on the testimony of Gene Pardee as expert testimony, and (4) finding the Weddles failed to properly plead their counterclaim regarding an extended warranty. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1. The master did not err in failing to dissolve the mechanic's lien. In their answer, the Weddles admitted Carolina Comfort's allegations that it filed and recorded a mechanic's lien against the subject property and served the Weddles with notice of the lien. Further, the Weddles failed to move to amend or strike these admissions in their pleadings, and they acknowledged at trial that they were bound by these admissions. *See Ferguson Fire and Fabrication, Inc., v. Preferred Fire Prot., LLC*, 409 S.C. 331, 340, 762 S.E.2d 561, 565 (2014) ("[M]echanics' liens are purely statutory and may be acquired and enforced only in accordance with the terms and conditions set forth in the statutes creating them."); *id*. ("To perfect and enforce a lien one must timely complete the following three steps found in sections 29-5-90 and 29-5-120 of the South Carolina Code: (1) serve and file a notice or certificate of the lien, (2) commence a lawsuit to enforce the lien, and (3) file a lis pendens."); *id*. ("Moreover, if the person furnishing the labor or materials was employed by someone *other* than the owner (such as a contractor), for the lien to attach the person must meet the additional requirement of giving written notice to the owner of the furnishing of the labor or material." (citing S.C. Code Ann. § 29-5-40)); *Shelley Constr. Co. v. Sea Garden Homes, Inc.*, 287 S.C. 24, 27, 336 S.E.2d 488, 490 (Ct. App. 1985) ("If these steps are taken, the person claiming the lien may foreclose against the property to satisfy the debt. On the other hand, if he fails to take any one of these steps, the lien against the property is dissolved."); *Postal v. Mann*, 308 S.C. 385, 387, 418 S.E.2d 322, 323 (Ct. App. 1992) ("It is well settled that parties are judicially bound by their pleadings unless withdrawn, altered or stricken by amendment or otherwise. The allegations, statements, or admissions contained in a pleading *are conclusive as against the pleader* and a party cannot subsequently take a position contradictory of, or inconsistent with, his pleadings and *the facts which are admitted by the pleadings are taken as true against the pleader for the purpose of the action*." (emphasis added)). Because we affirm the master's order granting foreclosure of Carolina Comfort's mechanic's lien on the Weddle's rental property, we additionally affirm the master's award of attorney's fees and costs to Carolina Comfort. *See Utils. Constr. Co. v. Wilson*, 321 S.C. 244, 247, 468 S.E.2d 1, 2 (Ct. App. 1996) ("S.C. Code Ann. § 29-5-10 affords a mechanic or contractor who deals with the owner of real property a lien for labor and materials, and provides that '[t]he costs which may arise in enforcing or defending against the lien under

this chapter, including a reasonable attorney's fee, may be recovered by the prevailing party.'" (footnote omitted) (quoting S.C. Code Ann. § 29-5-10 (2007))); *id.* ("A fair interpretation of the text of the statute convinces us that it is the enforcement of the lien which confers the right to attorney fees . . . .").

2.  The master did not err in finding Wife was a party to the underlying contract because the Weddles admitted Carolina Comfort's allegation that the agreement was with "the Defendants" to perform work on the property owned by Wife.  *See Postal*, 308 S.C. at 387, 418 S.E.2d at 323 ("It is well settled that parties are judicially bound by their pleadings unless withdrawn, altered or stricken by amendment or otherwise."); *id.* ("The allegations, statements, or admissions contained in a pleading *are conclusive as against the pleader* and a party cannot subsequently take a position contradictory of, or inconsistent with, his pleadings and *the facts which are admitted by the pleadings are taken as true against the pleader for the purpose of the action*." (emphasis added)).

3.  The master did not err in finding the Weddles waived any objection to Pardee's testimony because they failed to contemporaneously object at the time the challenged testimony was offered.  *Burke v. AnMed Health*, 393 S.C. 48, 54, 710 S.E.2d 84, 87 (Ct. App. 2011) ("A contemporaneous objection is typically required to preserve issues for appellate review."); *Campbell v. Jordan*, 382 S.C. 445, 453, 675 S.E.2d 801, 805 (Ct. App. 2009) ("Further, if a party deems testimony to be irrelevant or prejudicial, an objection should be interposed when the testimony is initially offered."); *id.* (finding a party waived her right to argue an error on appeal because she failed to timely object when the testimony was initially offered).

4.  The master did not err in finding the Weddles failed to sufficiently plead a counterclaim relating to an alleged extended warranty because they neither raised the claim in their pleadings, nor moved to amend their pleadings to include the counterclaim.  *See* Rule 13(a), SCRCP ("A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction.").

**AFFIRMED.**

**LOCKEMY, C.J., and SHORT and MCDONALD, JJ., concur.**