**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Tammy Taylor, Appellant,

v.

April Springs, Angela Berry, A B Country Kitchen a/k/a A&B Country Kitchen, Respondents.

Appellate Case No. 2017-000679

_____

Appeal From Dillon County
Roger E. Henderson, Circuit Court Judge

_____

Unpublished Opinion No. 2020-UP-100
Heard September 11, 2019 – Filed April 8, 2020

_____

**REVERSED AND REMANDED**

_____

Marcus LeFond Woodson, of The Woodson Law Firm, LLC, of Marion, for Appellant.

Alan Lenneau Berry, Jr., of Law Office of Alan L. Berry, Jr., LLC., of Latta, for Respondents.

_____

**PER CURIAM:** The circuit court dismissed Tammy Taylor's personal injury action, finding A B Country Kitchen was not a legal entity and Taylor had not properly moved to amend her complaint to add the owners of the business as defendants. Taylor appealed, arguing 1) A B Country Kitchen is bound by the

admissions in its answers that it is an operating business entity, and 2) no formal motion to amend was necessary. We reverse and remand.

Initially, the circuit court denied A B Country Kitchen's motion to dismiss by Form 4 order stating "Motion for Summary Judgment Denied. Plaintiff allowed to amend pleadings." The circuit court followed up with an email instructing Taylor to amend her complaint. After Taylor filed her amended complaint, A B Country Kitchen moved to reconsider, asserting it was entitled to dismissal, in part, because there was no proper motion to amend before the court and Taylor failed to follow the court's instructions as to the captioning of the amended complaint. Following a hearing, the circuit court found A B Country Kitchen was a "nonexistent defendant," the amended complaint was improperly captioned, and "[t]here was no motion to amend the Plaintiff's Complaint before the Court. Relief should not have been granted for a matter not properly before the Court." The court held "[a]fter hearing the Motion to Reconsider, it appears the court was in error in not dismissing the Plaintiff's complaint and in allowing Plaintiff to amend the complaint."

Under *Skydive Myrtle Beach, Inc. v. Horry County*, this dismissal was error. In *Skydive*, our supreme court instructed:

> A circuit court does not have "discretion" to dismiss a complaint with prejudice for failure to state a claim under Rule 12(b)(6) without at least considering whether to allow leave to amend under Rule 15(a). Under Rules 12(b)(6) and 15(a), the circuit court may not dismiss a claim with prejudice unless the plaintiff is given a meaningful chance to amend the complaint, and after considering the amended pleading, the court is certain there is no set of facts upon which relief can be granted.

426 S.C. 175, 189, 826 S.E.2d 585, 592 (2019). Taylor was not required to move to amend her complaint unless and until the circuit court found her pleading to be deficient. *See id.* at 181, 826 S.E.2d at 588 ("[T]he time for requesting leave to amend to correct a Rule 12(b)(6) pleading defect is after the trial court has determined the original pleading was deficient."). Taylor accepted the circuit court's initial finding that her complaint was deficient and filed an amended complaint in an attempt to fix the deficiency. *See id.* (recognizing a plaintiff is "entitled to accept the court's ruling the original complaint was deficient, and replead in an attempt to fix the deficiency"). It was unnecessary for her to file a

subsequent motion to amend in order to seek the relief the circuit court had already initially granted.

Further, A B Country Kitchen admitted in its answer that "A B Country Kitchen is a business which owns property and transacts business in Dillon County" and that "on or about October 25, 2012, [Taylor] was on the property owned and operated by Defendant as a paying customer and a business invitee." In the answer to the amended complaint, defendants denied A B Country Kitchen owned property but admitted "business is transacted under that trade name." In neither answer did any defendant assert an affirmative defense challenging A B Country Kitchen's existence as a legal entity. *See* Rule 9(a), SCRCP ("When a party desires to raise an issue as to the legal existence of any party or the capacity of any party to sue or be sued or the authority of a party to sue or be sued in a representative capacity, he shall do so by specific negative averment, which shall include such supporting particulars as are within the pleaders' knowledge."); *Postal v. Mann*, 308 S.C. 385, 387, 418 S.E.2d 322, 323 (Ct. App. 1992) ("It is well settled that parties are judicially bound by their pleadings unless withdrawn, altered or stricken by amendment or otherwise. The allegations, statements, or admissions contained in a pleading *are conclusive as against the pleader* and a party cannot subsequently take a position contradictory of, or inconsistent with, his pleadings and *the facts which are admitted by the pleadings are taken as true against the pleader for the purpose of the action*." (emphasis added)).

Accordingly, we reverse the circuit court's order granting A B Country Kitchen's motion to dismiss and remand for further proceedings.

**REVERSED AND REMANDED.**

**HUFF, WILLIAMS, and MCDONALD, JJ., concur.**