**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Laurens Cycle Sales, Inc. d/b/a Honda of Laurens and Cooper Motor Sales, LLC, Respondent,

v.

Estate of Ruth Tumblin, Appellant.

Appellate Case No. 2017-002434

———————

Appeal From Laurens County
Frank R. Addy, Jr., Circuit Court Judge

———————

Unpublished Opinion No. 2020-UP-256
Submitted June 1, 2020 – Filed August 26, 2020

———————

**AFFIRMED**

———————

Clarence Rauch Wise, of Greenwood, for Appellant.

John R. Ferguson, of Cox Ferguson & Wham LLC, of Clinton, for Respondent.

———————

**PER CURIAM:**  The Estate of Ruth Tumblin (Estate) appeals the trial court's finding that Laurens Cycle Sales, Inc. (LCS) was entitled to recoupment, arguing (1) a right of recoupment by LCS did not arise out of the contract upon which its breach of contract claim is predicated and (2) LCS waived any right of

recoupment. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to issue one, we find the trial court did not err in ruling LCS's right of recoupment arose from the contract upon which the Estate's breach of contract claim was predicated. *See Tuloka Affiliates, Inc. v. Moore*, 275 S.C. 199, 202, 268 S.E.2d 293, 295 (1980) ("Recoupment, . . . , is the right of the defendant to cut down or diminish the claim of the plaintiff in consequence of his failure to comply with some provision of the contract sought to be enforced, or because he has violated some duty imposed upon him by law in the making or performance of that contract. The delinquency or deficiency which will justify the reduction of the plaintiff's claim *must arise out of the same transaction*, and not out of a different transaction." (emphasis added) (quoting *Mullins Hosp. v. Squires*, 233 S.C. 186, 197, 104 S.E.2d 161, 166 (1958), *overruled in part on other grounds by McCall by Andrews v. Batson*, 285 S.C. 243, 329 S.E.2d 741 (1985), *superseded by statute*, S.C. Code Ann. §§ 15-78-10 to -220 (2005 & Supp. 2019), *as recognized in Repko v. County of Georgetown*, 424 S.C. 494, 818 S.E.2d 743 (2018))); *id.* ("[Recoupment] *grows out of the contract itself* which is the cause of action . . . ." (alteration in original) (emphasis added) (quoting *Evans' Ex'rs v. Youngue*, 42 S.C.L. (8 Rich) 113, 115 (1854))); *Charleston Cty. Sch. Dist. v. Laidlaw Transit, Inc.*, 348 S.C. 420, 425, 559 S.E.2d 362, 364 (Ct. App. 2001) ("It is well settled that parties are judicially bound by their pleadings unless withdrawn, altered or stricken by amendment or otherwise." (quoting *Postal v. Mann*, 308 S.C. 385, 387, 418 S.E.2d 322, 323 (Ct. App. 1992))); *id.* ("Any allegations, statements, or admissions contained in a pleading are conclusive against the pleader, and a party cannot subsequently take a contrary or inconsistent position."); Rule 220(c), SCACR ("The appellate court may affirm any ruling, order, decision or judgment upon any ground(s) appearing in the Record on Appeal.").

2. As to issue two, we find whether LCS waived any right to recoupment is not preserved for appellate review. *See Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial [court] to be preserved for appellate review."); *Patterson v. Reid*, 318 S.C. 183, 185, 456 S.E.2d 436, 437 (Ct. App. 1995) ("A party cannot for the first time raise an issue by way of a Rule 59(e) motion which could have been raised at trial.").

**AFFIRMED.**[1]

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

**WILLIAMS, KONDUROS, and HILL, JJ., concur.**