**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

South State Bank, Respondent,

v.

Sand Dollar 31, LLC, and Rhonda Meisner,

of whom Rhonda Meisner is Appellant.

Appellate Case No. 2018-000251

---

Appeal From Richland County
Joseph M. Strickland, Master-in-Equity

---

Unpublished Opinion No. 2021-UP-195
Submitted March 1, 2021 – Filed June 9, 2021

---

**AFFIRMED**

---

Rhonda Meisner, of Blythewood, pro se.

Sean Matthew Foerster, of Rogers Townsend LLC, of Columbia, for Respondent.

---

**PER CURIAM:** Rhonda Meisner appeals four orders from the master-in-equity related to the foreclosure of two real properties—a July 27, 2017 order, a December 28, 2017 order, an April 30, 2018 order, and a July 19, 2018 order. On appeal, Meisner argues the master erred (1) in his determination of the deficiency

amount owed to South State Bank (SSB), (2) by failing to find SSB was judicially estopped from valuing the properties less than the amount stated in its motion to vacate the judicial sale, (3) by lifting the automatic stay to allow SSB to file a document known to the parties as Return of Appraisers, and (4) by denying Meisner's motion to amend her counterclaims against SSB. We affirm pursuant to Rule 220(b), SCACR.

We find the master did not err in his determination of the deficiency judgment. *See Wachovia Bank, Nat'l Ass'n v. Blackburn*, 407 S.C. 321, 328, 755 S.E.2d 437, 441 (2014) ("In an appeal from an action in equity tried by a [master], appellate courts may find facts in accordance with their own views of the preponderance of the evidence."); *Pinckney v. Warren*, 344 S.C. 382, 387, 544 S.E.2d 620, 623 (2001) ("However, this broad scope of review does not require an appellate court to disregard the findings below or ignore the fact that the [master] is in the better position to assess the credibility of the witnesses."); *id.* at 387-88, 544 S.E.2d at 623 ("Moreover, the appellant is not relieved of his burden of convincing the appellate court the [master] committed error in his findings."). In 2006, Sand Dollar 31, LLC (Sand Dollar) executed two balloon notes promising to pay SSB $31,140 with interest at 8.5% per year and $36,000 with interest at 8.5% per year. To secure the payment of the balloon notes, Sand Dollar executed and delivered two mortgages—one for each note. In addition, Meisner also executed and delivered a guaranty of each note. In 2011, after Sand Dollar defaulted on the loans, SSB commenced two actions, filing each action against both Sand Dollar and Meisner. Each action sought the foreclosure of the mortgage securing the note and a judgment against Meisner for breach of the guaranty agreement. On May 16, 2012, the master entered judgments of foreclosure on both properties, personal judgments against Meisner based on the guaranty agreements, and awarded attorney's fees and costs in the amounts of $6,000 and $8,000 to SSB. Meisner filed motions to alter or amend the judgments, arguing (1) it was improper to record the judgment in the public record before the judicial sale; (2) Meisner's personal liability under the guaranty agreements was limited to the amount of the notes they secured; and (3) the master should not have awarded attorney's fees to SSB because SSB failed to file an affidavit of attorney's fees. The properties were subsequently sold, and Meisner filed a petition for appraisal pursuant to section 29-3-680 of the South Carolina Code (2007). When SSB learned the properties had been sold to Meisner's agent, it filed motions to vacate the sale, arguing the foreclosure sales should be set aside because Meisner "engaged in a deceptive scheme to extinguish [SSB's] lien on the property by purchasing the property at the foreclosure sale through an undisclosed agent for an amount [Meisner] averred is

significantly below appraised value."[1]  In a letter to the master dated August 17, 2012, SSB designated Eugene Garvin as its appraiser and indicated it was serving the same letter on Meisner's counsel.  After the master denied Meisner's motion to alter or amend on November 6, 2012, Meisner appealed to this court, and the cases were consolidated.

On appeal, Meisner argued, in part, that the master erred denying her motions to alter and amend.  With regards to whether the master erred by denying Meisner's motion to alter or amend, this court found the master (1) abused his discretion by determining SSB's attorney's fees were reasonable without first reviewing affidavits of attorney's fees and remanded the case so the master could award reasonable attorney's fees; (2) did not err by allowing the judgment of foreclosure to be entered prior to the judicial sale, and (3) did not err by denying Meisner's Rule 59(e), SCRCP, motion because Meisner's other issues were raised for the first time in her Rule 59(e), SCRCP, motion, and thus were not preserved.[2]  *See SCBT, N.A. v. Sand Dollar 31, LLC*, Op. No. 2014-UP-435 (S.C. Ct. App. filed Dec. 3, 2014).  On remand, the master heard arguments regarding the amount of attorney's fees and SSB submitted two affidavits in support of the award of attorney's fees in the 2012 foreclosure case—an affidavit of SSB's 2012 counsel that was prepared the day before the 2012 foreclosure hearing and an affidavit from SSB's current counsel that explained how the first affidavit had been reviewed and verified.[3]  On

[1] SSB later withdrew this motion on July 10, 2014, before it was ruled on by the master.  Because SSB withdrew the motion, we find SSB was not bound by any positions it took in the motion.  *See Gary v. Lowcountry Med. Transp., Inc.*, 424 S.C. 18, 22, 817 S.E.2d 291, 293-94 (Ct. App. 2018) ("This court has noted 'parties are judicially bound by their pleadings unless withdrawn, altered or stricken by amendment or otherwise.'" (quoting *Postal v. Mann*, 308 S.C. 385, 387, 418 S.E.2d 322, 323 (Ct. App. 1992))).

[2] Thus, although Meisner argues on appeal that she is not personally liable for the deficiency judgments, we find this argument is not properly before this court because the determination regarding Meisner's liability is law of the case.  *See Flexon v. PHC-Jasper, Inc.*, 413 S.C. 561, 571, 776 S.E.2d 397, 403 (Ct. App. 2015) ("Under the law-of-the-case doctrine, a party is precluded from relitigating, after an appeal, matters that were either not raised on appeal, but should have been, or raised on appeal, but expressly rejected by the appellate court." (quoting *Judy v. Martin*, 381 S.C. 455, 458, 674 S.E.2d 151, 153 (2009))).

[3] Although Meisner argues the master erred by including an award of attorney's fees in the calculation of the deficiency judgment because the affidavits were not served on her two days prior to the current hearing or the original foreclosure

July 27, 2017, the master ordered an appraisal of the properties.[4]  Subsequently, SSB submitted the Return of Appraisers—a letter and supporting documentation from Garvin; this document included Garvin's appraisals of the properties from 2012, an indication he had spoken with Meisner's appraiser, Angela Buckley, and Buckley's appraisals of the properties.[5]  Meisner did not submit any appraisals to the court.  In his December 28, 2017 order, the master relied on the Return of Appraisers in entering the deficiency judgments against Meisner, and he ordered SSB to file the Return of Appraisers with the clerk of court.[6]  The master also

---

hearing, we find the master did not err because the master can allow the affidavits to be served "at some other time."  *See* Rule 6, SCRCP ("When a motion is to be supported by affidavit, the affidavit shall be served with the motion; and, except as otherwise provided in Rule 59(c), additional or opposing affidavits may be served not later than two days before the hearing, unless the court permits them to be served at some other time.").  In this instance, Meisner acknowledged SSB gave her counsel an affidavit of attorney's fees on the day of the 2012 foreclosure hearing and when the master reconsidered SSB's award of attorney's fees after this court remanded for reconsideration of attorney's fees, the master gave Meisner approximately a month to file any objections to SSB's attorney's fees affidavit.  Thus, we find the court did not err by including an award of attorney's fees in his calculation of the deficiency judgment.

[4] Although Meisner asserts SSB failed to timely designate an appraiser, the record on appeal shows SSB designated Garvin as its appraiser in August 2012—more than four years before the order was filed.  *See* S.C. Code Ann. § 29-3-710 (2007) ("In his petition the petitioner shall designate one appraiser and within ten days after *service of a copy of the order* upon the judgment creditor or his attorney of record he shall designate to the clerk another appraiser . . . ." (emphasis added)).  Thus, we find SSB timely designated its appraiser.

[5] Although Meisner argues Garvin's appraisal had expired because it was performed in 2012, the relevant statute requires the appraisers to value the mortgaged property "as of the date of sale."  *See* S.C. Code Ann. § 29-3-720 (2007) ("The board of appraisers as so constituted shall proceed to view and value the mortgaged property and all or a majority thereof shall make a sworn return within thirty days from their appointment of the true value of the property as of the date of sale, taking into consideration sale value, cost and replacement value of improvements, income production and all other proper elements which, in their discretion, enter into the determination of true value.").

[6] As to whether the master erred by lifting the automatic stay to allow SSB to file its Return of Appraisers in the April 30, 2018 order and denying Meisner's Rule 59(e), SCRCP, motion to reconsider lifting the automatic stay in the July 19, 2018

affirmed his original award of attorney's fees. Based on the foregoing, we affirm the master's determination of the deficiency judgment.

Additionally, we find the master did not abuse his discretion by denying Meisner's motion to amend her counterclaims. *See Hale v. Finn*, 388 S.C. 79, 87-88, 694 S.E.2d 51, 56 (Ct. App. 2010) ("Courts have wide latitude in amending pleadings and, while this power should not be exercised indiscriminately or to surprise or prejudice an opposing party, the matter of allowing amendments is left to the sound discretion of the [master]." (quoting *Mylin v. Allen–White Pontiac*, 281 S.C. 174, 180, 314 S.E.2d 354, 357 (Ct. App. 1984))). The master entered judgments of foreclosure and personal judgments against Meisner on May 16, 2012. Meisner did not seek to amend her counterclaims until August 19, 2016. We find Meisner's motion to amend her counterclaims more than four years after the master's hearing on the merits untimely and prejudicial to SSB. *See Arnold v. State*, 309 S.C. 157, 172, 420 S.E.2d 834, 842 (1992) ("When a party wishes to amend a pleading after final judgment from a full trial on the merits, South Carolina Rule of Civil Procedure 15(b) applies. Amendments under South Carolina Rule of Civil Procedure 15(b) are allowed not to assert new claims, but rather to conform the pleadings to the evidence presented at trial."). Thus, the master did not abuse his discretion by denying Meisner's motion to amend.

---

order, we find the master did not err. *See Wachovia Bank, Nat'l Ass'n*, 407 S.C. at 328, 755 S.E.2d at 441 ("In an appeal from an action in equity tried by a [master], appellate courts may find facts in accordance with their own views of the preponderance of the evidence."). By a letter dated September 1, 2017, SSB submitted the Return of Appraisers to the master and indicated a copy was also sent to Meisner. During the next hearing before the master on October 5, 2017, SSB submitted a copy of the Return of Appraisers to the master. In the master's subsequent order on December 28, 2017, the master specifically "adopted the opinion letter from [Garvin] dated August 30, 2017, with the reports attached thereto, as the Return of Appraisers" and ordered the opinion letter from Garvin be filed and treated as the Return of Appraisers. Because SSB had submitted the Return of Appraisers to the master and the master ordered it filed with the Clerk of Court in the December 28, 2017 order, we find the master's decision to lift the automatic stay to allow SSB to file the Return of Appraisers amounted to correction of a clerical error. *See Jacobs v. Serv. Merch. Co.*, 297 S.C. 123, 132, 375 S.E.2d 1, 6 (Ct. App. 1988) ("After the filing of a Notice of Intent to Appeal, the [master's] jurisdiction over the appealed order extended only to correction of clerical errors.").

**AFFIRMED.**[7]

**LOCKEMY, C.J., and HUFF and HEWITT, JJ., concur.**

---

[7] We decide this case without oral argument pursuant to Rule 215, SCACR.