**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Taylor Chasey Robertson, Appellant,

v.

South Carolina Department of Public Safety, South Carolina Highway Patrol, and Trooper Patrick J. Goshorn, Respondents.

Appellate Case No. 2023-001360

———————

Appeal From Spartanburg County
J. Derham Cole, Circuit Court Judge

———————

Unpublished Opinion No. 2026-UP-047
Submitted January 29, 2026 – Filed February 4, 2026

———————

**AFFIRMED**

———————

C. Austin McDaniel, of C. Austin McDaniel, Attorney at Law, of Anderson; and Nicolas Jensen Baughman, of Nicolas J. Baughman, Attorney at Law, LLC, of Anderson, both for Appellant.

Russell W. Harter, Jr., of Chapman, Harter & Harter, P.A., of Greenville; and Stephanie Holmes Burton, of Gibbes Burton, LLC, of Spartanburg, both for Respondents.

———————

**PER CURIAM:**  Taylor Chasey Robertson appeals the circuit court's order dismissing her claims against the South Carolina Department of Public Safety (SCDPS), the South Carolina Highway Patrol (SCHP), and Trooper Patrick J. Goshorn.  On appeal, Robertson argues the circuit court erred in (1) dismissing her claims against SCDPS and SCHP for improper service of process because she sufficiently complied with the rules on service when she served the complaint on an agency sharing an address with SCDPS and (2) dismissing her claims against Goshorn because the complaint alleged facts showing he was not entitled to immunity under the South Carolina Tort Claims Act (SCTCA).  We affirm pursuant to Rule 220(b), SCACR.

1.  We hold the circuit court did not err in dismissing Robertson's claims against SCDPS and SCHP because she failed to serve her complaint properly, which rendered her action barred by the two-year statute of limitations.  *See Graham L. Firm, P.A. v. Makawi*, 396 S.C. 290, 294-95, 721 S.E.2d 430, 432 (2012) ("The trial court's findings of fact regarding validity of service of process are reviewed under an abuse of discretion standard."); *Bakala v. Bakala*, 352 S.C. 612, 629, 576 S.E.2d 156, 165 (2003) ("When service is challenged, the record must affirmatively show that service of process was correctly made."); *McClurg v. Deaton*, 380 S.C. 563, 579, 671 S.E.2d 87, 96 (Ct. App. 2008) ("[I]n order to establish that service has been properly effected, the plaintiff need only show compliance with the civil rules on service of process.") *aff'd*, 395 S.C. 85, 716 S.E.2d 887 (2011); S.C. Code Ann. § 15-78-100(a) (2005) ("[A]n action for damages under this chapter may be instituted at any time within two years after the loss was or should have been discovered."); Rule 3(a), SCRCP ("A civil action is commenced when the summons and complaint are filed with the clerk of court if: (1) the summons and complaint are served within the statute of limitations in any manner prescribed by law; or (2) if not served within the statute of limitations, actual service must be accomplished not later than one hundred twenty days after filing."); S.C. Code Ann. § 15-3-20(B) (2005) ("A civil action is commenced when the summons and complaint are filed with the clerk of court if actual service is accomplished within one hundred twenty days after filing."); Rule 4(d)(5), SCRCP (stating service is properly made upon an agency "by delivering a copy of the summons and complaint to such . . . agency and by sending a copy of the summons and complaint by registered or certified mail to the Attorney General at Columbia").  The incident giving rise to this appeal occurred on May 9, 2020, and Robertson filed her complaint exactly two years after that date.  Pursuant to Rule 3(a) of the South Carolina Rules of Civil Procedure, she had an additional 120 days to effect service of the complaint.  On the last day of that period, Robertson

attempted to serve SCDPS; however, the process server served an employee of the South Carolina Department of Motor Vehicles, an agency that shared an address with SCDPS. Accordingly, service was not effected within 120 days and the circuit court properly dismissed Robertson's claims against SCDPS and SCHP as untimely.

2. We hold the circuit court did not err in dismissing Robertson's claims against Goshorn because he is immune from individual liability under the SCTCA. *See Rydde v. Morris*, 381 S.C. 643, 646, 675 S.E.2d 431, 433 (2009) ("On appeal from the dismissal of a case pursuant to Rule 12(b)(6) [of the South Carolina Rules of Civil Procedure], an appellate court applies the same standard of review as the trial court."); Rule 12(b)(6), SCRCP (stating an action may be dismissed if the complaint fails "to state facts sufficient to constitute a cause of action"); *Bergstrom v. Palmetto Health All.*, 358 S.C. 388, 395, 596 S.E.2d 42, 45 (2004) ("In deciding whether [a circuit] court properly granted [a] motion to dismiss, the appellate court must consider whether the complaint, viewed in the light most favorable to the plaintiff, states any valid claim for relief."); S.C. Code Ann. §§ 15-78-70(a)-(b) (2005) (stating an "employee of a governmental entity who commits a tort while acting within the scope of his official duty is not liable" except when "the employee's conduct was not within the scope of his official duties or that it constituted actual fraud, actual malice, intent to harm, or a crime involving moral turpitude"). In her complaint, Robertson alleged that at all times during the incident, Goshorn was acting "within the course and scope of his employment" and she failed to allege that Goshorn's conduct constituted actual fraud, actual malice, intent to harm, or a crime involving moral turpitude. *See Postal v. Mann*, 308 S.C. 385, 387, 418 S.E.2d 322, 323 (Ct. App. 1992) ("It is well settled that parties are judicially bound by their pleadings unless withdrawn, altered or stricken by amendment or otherwise."); *id.* ("The allegations, statements, or admissions contained in a pleading are conclusive as against the pleader and a party cannot subsequently take a position contradictory of, or inconsistent with, his pleadings and the facts which are admitted by the pleadings are taken as true against the pleader for the purpose of the action."). Therefore, we hold that Robertson's complaint fails to state facts sufficient to constitute a cause of action against Goshorn.

We also hold Robertson's argument that the court erred in denying her motion to amend her complaint is not preserved because it was not presented in the statement of issues on appeal. *See* Rule 208(b)(1)(B), SCACR ("Ordinarily, no point will be considered which is not set forth in the statement of the issues on appeal.").

**AFFIRMED.**[1]

**THOMAS, MCDONALD, and CURTIS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.